UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

GILBERT L. WILLIAMS, JR.,

                Plaintiff,

v.

HEATHER L. LEACH,

                Defendant.

Case No. 24-CV-643-JPS

**ORDER**

## 1.    INTRODUCTION

On May 24, 2024, Plaintiff Gilbert L. Williams, Jr. ("Plaintiff"), proceeding pro se, filed this action against Defendant Heather L. Leach ("Defendant"), together with a motion for leave to proceed without prepaying the filing fee. ECF Nos. 1, 2. This Order screens Plaintiff's complaint and, finding that it presents significant pleading deficiencies, grants Plaintiff leave to file an amended complaint that corrects those deficiencies. Accordingly, the Court defers ruling on Plaintiff's motion for leave to proceed without prepaying of the filing fee. If Plaintiff does not file an amended complaint by the below-stated deadline, or files one which remains deficient, the Court will dismiss this case without prejudice and deny as moot Plaintiff's motion for leave to proceed without prepayment of the filing fee.

## 2.    MOTION TO PROCEED IN FORMA PAUPERIS

A party proceeding pro se may submit to the court a request to proceed without prepaying the otherwise required filing fees, otherwise

known as a motion to proceed in forma pauperis.[1] "The federal in forma pauperis statute, 28 U.S.C. § 1915, is designed to ensure indigent litigants have meaningful access to the federal courts while at the same time prevent indigent litigants from filing frivolous, malicious, or repetitive lawsuits." *Rodriguez v. Crim. Just. Facility Safety Bldg.*, No. 23-CV-394, 2023 WL 3467565, at *1 (E.D. Wis. Apr. 7, 2023) (citing *Nietzke v. Williams*, 490 U.S. 319, 324 (1989)), *report and recommendation adopted sub nom. Rodriguez v. Crim. Just. Facility*, No. 23-CV-394-PP, 2023 WL 3467507 (E.D. Wis. May 15, 2023).

To determine whether it may authorize a litigant to proceed in forma pauperis, the Court engages in a two-part inquiry. It must examine whether the litigant is able to pay the costs of commencing the action. 28 U.S.C. § 1915(a). The Court must also examine whether the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief"; if any of these criteria applies, the Court "shall dismiss the case." 28 U.S.C. § 1915(e)(2)(B)(i)–(iii). Likewise, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

It follows that a litigant whose complaint does not meet the criteria in 28 U.S.C. § 1915(e)(2) or does not plead claims within the Court's subject matter jurisdiction, and whose case cannot proceed as a result, necessarily

---

[1]Although 28 U.S.C. § 1915(a) specifically references "prisoner" litigants, it has been interpreted as providing authority for such requests by both prisoner and non-prisoner *pro se* litigants alike. *Floyd v. U.S. Postal Serv.*, 105 F.3d 274, 275–76 (6th Cir. 1997) (superseded by rule on other, inapplicable grounds); *see also Mitchell v. Farcass,* 112 F.3d 1483, 1491 n.1 (11th Cir. 1997) ("Section 1915(e) applies to all [in forma pauperis] litigants—prisoners who pay fees on an installment basis, prisoners who pay nothing, and nonprisoners in both categories.") (Lay, J., concurring).

cannot reap the benefits of proceeding in forma pauperis. In other words, although in forma pauperis status ought to be granted to those impoverished litigants "who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them," *Brewster v. N. Am. Van Lines, Inc*. 461, F.2d 649, 651 (7th Cir. 1972), a pro se litigant's financial status is only part of the picture in determining whether the litigant's case may proceed without payment of the filing fee.

For the reasons stated in the next section, it is not yet clear whether Plaintiff's complaint meets the 28 U.S.C. § 1915(e)(2) criteria. Accordingly, the Court will not yet consider whether Plaintiff's financial circumstances entitle him to proceed in forma pauperis until it has had a reasonable opportunity to assess whether Plaintiff can amend his complaint such that it meets the § 1915(e)(2) criteria.

### 3. SCREENING THE COMPLAINT

#### 3.1 Legal Standard

As noted above, when a pro se litigant seeks to proceed in forma pauperis, the Court must screen the litigant's complaint prior to service on defendants. The Court "shall dismiss the case" if it finds any of the following: the action is frivolous or malicious, the complaint fails to state a claim upon which relief may be granted, or the complaint seeks monetary relief against a defendant who is immune from such relief, 28 U.S.C. § 1915(e)(2); or the case is outside of the Court's subject matter jurisdiction, Fed. R. Civ. P. 12(h).

A claim is legally frivolous when it "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke*, 490 U.S. at 325); *see also Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997) (quoting *Neitzke*, 490 U.S. at 325). The Court may dismiss a

claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

To state a claim, a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In other words, the complaint must give "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The allegations must "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level." *Kubiak v. City of Chicago*, 810 F.3d 476, 480 (7th Cir. 2016) (quoting *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)). Plausibility requires "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

In reviewing the complaint, the Court is required to "accept as true all of the well-pleaded facts in the complaint and draw all reasonable inferences in favor of the plaintiff." *Kubiak*, 810 F.3d at 480–81 (citing *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008)). However, the Court "need not accept as true 'legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (quoting *Ashcroft*, 556 U.S. at 678) (internal bracketing omitted). A court is obligated to give pro se litigants' allegations a liberal construction. *Kelsay v. Milwaukee Area Tech. Coll.*, 825 F. Supp. 215, 217 (E.D. Wis. 1993) (citing *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972)). Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

### 3.2 Plaintiff's Factual Allegations

It appears that Plaintiff was on supervised release for a state criminal conviction at the time the events giving rise to the complaint occurred. *See* ECF No. 1 at 2. Defendant holds both a Licensed Clinical Social Worker credential and a law degree and, according to Plaintiff, worked for "Community Psychological Services, LLC" and interacted with Plaintiff in that role during the relevant time. *Id.* at 1–2. He states that another "client" on supervised release reported to his treatment provider, Dr. Theresa McLaren, that he was afraid that Plaintiff "might sexually assault him if [Plaintiff] moved in." *Id.* at 2. Plaintiff does not state whether or where he and this other client were potentially "mov[ing] in" together.

Plaintiff avers that in March 2024 Defendant "sent out an email" apparently repeating this statement from Dr. McLaren. *Id.* Plaintiff does not state to whom the email was sent or what, if anything, happened to him because of it. Later, Plaintiff learned that neither the client nor Dr. McLaren ever made such a statement to Defendant. *Id.* Defendant "drafted a letter of correction in [an] attempt to rectify the situation." *Id.* Again, Plaintiff does not state to whom the letter of correction was sent or what, if anything, happened to him because of it.

For relief, Plaintiff requests monetary damages as well as that Defendant "be restricted from any dealings with [Plaintiff's] supervised release activities" and that her "credentials . . . be reviewed, and [her] license revoked." *Id.* at 3.

### 3.3 Analysis

The allegations in the complaint fail to state a federal claim for relief. Although the Court appreciates that Plaintiff has kept his complaint brief,

Page 5 of 12
Case 2:24-cv-00643-JPS   Filed 06/04/24   Page 5 of 12   Document 5

the complaint lacks important information that will determine whether Plaintiff can proceed in federal court.

First, Plaintiff has not alleged sufficient facts to support a constitutional defamation claim. His allegations gesture at a defamation claim: he alleges, essentially, that Defendant made a statement about him and that this statement harmed him in some way. This type of claim normally proceeds under state, not federal, law. However, Plaintiff has invoked the Court's federal question jurisdiction. ECF No. 1 at 3 (citing 28 U.S.C. § 1331).[2]

"[M]ere defamation even by [a] state actor is not actionable under the Constitution." *Huon v. Former Madison Cnty. State's Att'y William Mudge*, No. 12-CV-0166-MJR-PMF, 2013 WL 12152427, at *16 (S.D. Ill. Aug. 22, 2013) (citing *Hedrich v. Bd. of Regents of the Univ. of Wis. Sys.*, 274 F.3d 1174, 1184 (7th Cir. 2001)), *aff'd sub nom. Huon v. Mudge*, 597 F. App'x 868 (7th Cir. 2015). "In order to 'cross the line from mere defamation' to a constitutional violation, a plaintiff must offer facts to show that the defendant's conduct and/or statements were 'so stigmatizing' that they constitute 'infringement of a liberty interest.'" *Id.* (quoting *Hedrich*, 274 F.3d at 1184). "[D]efamation could in some instances be actionable [as a federal constitutional violation] under section 1983 if it was linked to the deprivation of 'a right previously recognized under state law.'" *Ross v. Yordy Constr. Co. v. Naylor*, 55 F.3d 285, 287–88 (7th Cir. 1995) (citing *Paul v. Davis*, 424 U.S. 693, 708 (1976)). "[T]o

---

[2]Plaintiff cannot proceed on diversity jurisdiction—the other type of case this federal court may hear—because he has alleged that both and Defendant are citizens of Wisconsin. ECF No. 1 at 1; 28 U.S.C. § 1332(a)(1). Additionally, he has requested $1,000 in damages for "each violation" alleged in his complaint. ECF No. 1 at 3. The Court understands his complaint as alleging only one violation of his rights, and therefore Plaintiff has not met the amount-in-controversy requirement to assert diversity jurisdiction. 28 U.S.C. § 1332(a).

implicate a liberty interest, such charges of defamation must be coupled with the alteration of a legal status . . . ." *Townsend v. Vallas*, 256 F.3d 661, 669 (7th Cir. 2001).

Plaintiff has failed to allege how Defendant's actions altered his legal status or otherwise infringed on any of his protected liberty interests; indeed, he has failed to make any allegations whatsoever about how Defendant's alleged publication of the other client's false statement harmed him. The claim is therefore subject to dismissal unless Plaintiff can correct the pleading deficiency. *See Huon*, 2013 WL 12152427, at *17 (finding plaintiff's federal defamation claim "fails as a matter of law because he merely asserts that Defendants['] statements at the press conference deprived him the right to an impartial jury untainted by false news reports," and "offers no evidence of a defamatory statement incident to any alleged change in legal status").

The claim also fails, as alleged, because Plaintiff has not demonstrated how Defendant was acting under color of state law. To the contrary, he has alleged that Defendant worked for a private company—a counseling service operating as a limited liability company of LLC—when she committed the act that allegedly violated his rights. ECF No. 1 at 1. While "act[ing] 'under color of' state law for § 1983 purposes does not require that the defendant be an officer of the State[,]" a plaintiff must still demonstrate that the named defendant "is a willful participant in joint action with the State or its agents." *Dennis v. Sparks*, 449 U.S. 24, 27–28 (1980). "The plaintiff must identify a sufficient nexus between the state and the private actor to support a finding that the deprivation committed by the private actor is 'fairly attributable to the state.'" *L.P. v. Marian Cath. High*

*Sch.*, 852 F.3d 690, 696 (7th Cir. 2017) (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)).

Plaintiff will have an opportunity to amend his complaint to attempt to demonstrate (1) how Defendant's actions altered his legal status or otherwise infringed on any of his protected liberty interests and (2) how Defendant was acting under color of state law. As a general instruction, Plaintiff should attempt to provide a clear story of what happened; simply saying "my rights were violated" is not enough. If Plaintiff's amended complaint does not adequately address each of these deficiencies, the case will be dismissed without prejudice.

Finally, although it is not clear from the complaint whether Plaintiff is subject to an ongoing, active case in the state court system (such as a criminal case including revocation proceedings),[3] he should be aware of several relevant federal abstention doctrines that may impact his ability to move forward in federal court. Federal abstention doctrines come into play when a plaintiff initiates a lawsuit in federal court that relates to a proceeding in state court. In such a circumstance, the federal court generally examines whether there are any reasons or bases on which it should abstain from hearing the case. The Court explains two of those potential reasons below.

First, the doctrine of *Younger v. Harris*, 401 U.S. 37 (1971) "requires federal courts to abstain from taking jurisdiction over federal constitutional claims that seek to interfere with or interrupt ongoing state proceedings." *SKS & Assocs., Inc. v. Dart*, 619 F.3d 674, 677 (7th Cir. 2010) (citing

---

[3] These doctrines may also be relevant to the extent that (1) Defendant is indeed a state actor and (2) Plaintiff seeks equitable relief ordering the state to take specific employment or professional action against Defendant. ECF No. 1 at 3.

*FreeEats.com, Inc. v. Ind.*, 502 F.3d 590, 595 (7th Cir. 2007)). "There are three exceptions to the rule requiring abstention: (1) the state proceeding is motivated by a desire to harass or is conducted in bad faith, (2) there is an extraordinarily pressing need for immediate equitable relief, or (3) the challenged provision is flagrantly and patently violative of express constitutional prohibitions." *Harris v. Ruthenberg*, 62 F. Supp. 3d 793, 799 (N.D. Ill. 2014) (citing *Stroman Realty, Inc. v. Martinez*, 505 F.3d 658, 664 (7th Cir. 2007)). Where *Younger* applies, the district court may either stay or dismiss the case, depending on the type of relief sought. *See Gakuba v. O'Brien*, 711 F.3d 751, 753 (7th Cir. 2013).

Second, the doctrine known as *Colorado River* abstention provides that "a federal court may stay or dismiss a suit in federal court when a concurrent state court case is underway," "exceptional circumstances exist," and abstention would promote "wise judicial administration." *Freed v. J.P. Morgan Chase Bank, N.A.*, 756 F.3d 1013, 1018 (7th Cir. 2014) (citing and quoting *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817–18 (1976)). *Colorado River* abstention applies only to federal actions that are "parallel" to state court proceedings, meaning that there is a "substantial likelihood that the state litigation will dispose of all claims presented in the federal case." *Id.* (quoting *Lumen Constr., Inc. v. Brant Constr. Co.*, 780 F.2d 691, 695 (7th Cir. 1985)).

Without clear factual allegations, the Court cannot say for sure whether either of the above-explained abstention doctrines apply in this case. But in drafting any amended complaint, Plaintiff should keep in mind that this federal court must, in most circumstances, abstain from hearing a case that relates to ongoing state court proceedings. Any amended

complaint should demonstrate why these limitations do not apply in his case.

**4.    CONCLUSION**

For the reasons stated above, the Court will give Plaintiff leave to file an amended complaint that addresses the deficiencies explained above. Any amended complaint must be filed on or before **June 26, 2024**. Failure to file an amended complaint within this period may result in dismissal of this action without prejudice. The Court is enclosing a copy of its amended complaint form and instructions.

Plaintiff's amended complaint does not need to be long or contain legal language or citations to statutes or cases, but it does need to provide the Court and Defendant with notice of what Defendant allegedly did or did not do to violate his rights.

Plaintiff is advised that the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." The amended complaint supersedes the prior complaint and must be complete in itself without reference to the original complaint. *Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1057 (7th Cir. 1998) (citing *Wellness Cmty.-Nat'l v. Wellness House*, 70 F.3d 46, 49 (7th Cir. 1995)). In such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading." *Id.* (quoting *Fuhrer v. Fuhrer*, 292 F.2d 140, 144 (7th Cir. 1961)). In other words, any amended complaint must include **all** of the allegations and claims (including those from the original complaint) that Plaintiff wishes to make, in a single filing without reference to other documents.

If an amended complaint is received, it will become the operative complaint in this action, and the Court will screen it in accordance with 28 U.S.C. § 1915.

Accordingly,

**IT IS ORDERED** that on or before **June 26, 2024**, Plaintiff shall submit an amended complaint using the provided form and in accordance with the instructions provided herein; failure to do so will result in dismissal of this action without prejudice; and

**IT IS FURTHER ORDERED** that the Clerk's Office mail Plaintiff a blank non-prisoner amended complaint form along with this Order.

Dated at Milwaukee, Wisconsin, this 4th day of June, 2024.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

Page 11 of 12
Case 2:24-cv-00643-JPS   Filed 06/04/24   Page 11 of 12   Document 5

Plaintiff will be required to submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

**DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS**. If mail is received directly to the Court's chambers, **IT WILL BE RETURNED TO SENDER AND WILL NOT BE FILED IN THE CASE**.

Plaintiff is further advised that failure to timely file any brief, motion, response, or reply may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. **IF PLAINTIFF FAILS TO PROVIDE AN UPDATED ADDRESS TO THE COURT AND MAIL IS RETURNED TO THE COURT AS UNDELIVERABLE, THE COURT WILL DISMISS THIS ACTION WITHOUT PREJUDICE**.